2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Tyrone REGENT, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 93-15150.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 1
 Before: BROWNING, TANG, and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Arizona state prisoner Michael Tyrone Regent appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. Sec. 1983 action. After falling and injuring his side in the prison bathroom, Regent brought the action against four prison officials, alleging that their actions in response to his injury constituted deliberate indifference to his medical needs and health, in violation of his Eighth Amendment rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 We review a district court's grant of summary judgment de novo. T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to Regent, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 5
 "An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' " Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Based on this standard, we can discern no genuine issues of material fact. The only factual dispute of any note is over whether Dr. DeGuzman told Regent that he could have died had he bumped the injury in his sleep. Even if DeGuzman did make this statement, it would go only to the seriousness of Regent's medical needs and not to whether those needs were met with "deliberate indifference."
 
 
 6
 Furthermore, the district court correctly applied the relevant substantive law. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). None of the defendants here were guilty of deliberate indifference. When Regent arrived at the prison medical clinic on the night of September 12, 1990, Nurse Walters examined him, found no signs of external or internal injury, and sent him back to his room with what Dr. Wenhan termed "proper prescriptions and advice." When Regent's pain did not subside and he returned to the clinic the next morning, he was examined by a physician's assistant, who performed several tests and then ordered him transported to the hospital. Regent then underwent further tests, including a sonogram and a laparoscopy, which showed that surgery or other significant treatment was not required. Regent's pain eventually subsided. Because the defendants here responded in a timely and thorough manner, we agree with the district court that they did not demonstrate "deliberate indifference" to Regent's medical needs.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3